IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERIE C. CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOISE CITY, et al.,<br><br>    Defendants. | Case No. CV-07-532-S-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it defendant City of Boise's motion for summary judgment. Plaintiff Campbell concedes that her federal claim must be dismissed but seeks to remand her remaining state law claims to state court for resolution. After oral argument on the City's motion the Court asked for further briefing, which has now been received. For the reasons expressed below, the Court will grant the City's motion for summary judgment and deny Campbell's motion to remand.

## ANALYSIS

Following a traffic stop, plaintiff Campbell was arrested for a misdemeanor

**Memorandum Decision – Page 1**

second-offense no-insurance violation. In a search incident to that arrest, officers found a bindle of methamphetamine in her purse, and she was charged with possessing a controlled substance.

Later, the prosecutor dismissed the possession charge. Campbell responded by bringing this action against the City for false arrest in violation of the Fourth Amendment and the equivalent sections of the Idaho Constitution. The City moved for summary judgment.

A few months after this action was filed, the Supreme Court issued its decision in *Virginia v. Moore*, 128 S. Ct. 1598 (2008). That case, Campbell conceded, required this Court to dismiss her Fourth Amendment claim, but she sought a remand of her state law claims brought under the Idaho Constitution. The City objected, claiming that no direct cause of action exists for violations of the Idaho Constitution.

The Court agrees with the City. While the Idaho Supreme Court has not yet decided the issue, Campbell does not dispute that four Idaho District Court decisions have unanimously held that no direct cause of action exists for violations of the Idaho Constitution. This Court has previously reviewed some of those decisions and held that "no Idaho statute serves a function analogous to that of 42 U.S.C. § 1983 by creating a cause of action for violations of Idaho's Constitution."

**Memorandum Decision – Page 2**

*See Hancock v. Idaho Falls School Dist. No. 91*, 2006 WL 1207629 (D.Id. 2006).

For these reasons, the Court will grant the City's motion for summary judgment and deny Campbell's motion to remand. The Court will issue a separate order as required by Rule 58(a).

DATED: **July 11, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – Page 3**